# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5088 | **DATE** | 7/2/2001 |
| **CASE TITLE** | Mount Hawley Insurance Co. vs. Guardsmark, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]



**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This action is set for an initial status conference at 9 a.m. July 23, 2001 so that the parties may then apprise this Court of the situation in that respect, something that may require a swift remand to the state court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 0 5 2001 | | |
| | Notified counsel by telephone. | | date docketed | | 4 |
| | Docketing to mail notices. | | CM | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 7/3/2001 | | |
| SN | courtroom deputy's initials | FILED FOR DOCKETING  01 JUL -3 PM 2: 43 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | SN  mailing deputy initials | | |

DOCKETED

JUL 0 5 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOUNT HAWLEY INSURANCE COMPANY, )
etc., )
)
                            )
            Plaintiff, )
                            )
    v. )            No.  01 C 5088
                            )
GUARDSMARK, INC., )
                            )
            Defendant. )

<u>MEMORANDUM OPINION AND ORDER</u>

Guardsmark, Inc. ("Guardsmark") has removed to this District

Court, invoking federal jurisdiction on diversity of citizenship

grounds, this action brought against it in the Circuit Court of

Cook County by Mount Hawley Insurance Company ("Mount Hawley").

Guardsmark has coupled the removal with its Fed. R. Civ. P.

("Rule") 12(b)(6) motion to dismiss Mount Hawley's Complaint,

together with a supporting memorandum.  This memorandum opinion and

order hastens to address that motion without the need to order a

response from Mount Hawley--though it turns out that something more

is needed from Guardsmark.

Mount Hawley's Complaint sounds both in negligence (Count I)

and in breach of contract (Count II) terms.  Because Guardsmark

attacks those claims on separate grounds, they will be addressed

seriatim.

Guardsmark is a company that was hired to provide security

services for a warehouse whose contents were insured by Mount

Hawley (the latter sues as subrogor, having made good on its policy

coverage). As for Mount Hawley's Count I negligence-based claim,
Guardsmark is correct in pointing to Illinois' Moorman doctrine
(Moorman Mfg. Co. v. National Tank Co., 91 Ill.2d 69, 435 N.E.2d
443 (1982)) as insulating it from tort liability and damages for
any asserted economic loss stemming from Guardsmark's claimed
breach of its security services contract. Indeed, the Moorman
concept accords with caselaw elsewhere that similarly spares
security firms from such tort claims that are vastly
disproportionate to the price they charge for their services--by
sheer chance, just over two months ago this Court (sitting by
designation with the Court of Appeals for the Third Circuit, and
speaking for the panel) wrote to that same effect under
Pennsylvania law (Krueger Assocs., Inc. v. American Dist. Tel. Co.,
247 F.3d 61, 66 (3d Cir. 2001)).

It is worth adding just a word in that last respect. In part
this Court's Krueger opinion pointed out that there is nothing to
prevent the commercial tenant, which had suffered damages that it
then sought to foist off on the security company, from having taken
its own steps to protect against risk. And of course buying
insurance (the classic risk-spreading vehicle) is the most common
means adopted by businesspeople for doing just that. With that in
mind, it would be extraordinarily ironic if, with the business that
was at risk in this case having taken precisely that step by
purchasing insurance coverage (and thus averting its having to
flout the Moorman principle itself by seeking recompense from the

2

security company), that could subject the security company to the identical threat via a subrogation claim brought by that insurance company (as is sought to be done here).

So Count I--Mount Hawley's subrogated negligence claim on behalf of its insured--succumbs to the Rule 12(b)(6) motion. This opinion turns then to Count II, Mount Hawley's breach of contract claim.

On that score Guardsmark complains only of Mount Hawley's failure to attach a copy of the contract to the Complaint, for which purpose Guardsmark invokes the requirement to that effect in 735 ILCS 5/2-606. That omission would have permitted a legitimate beef if Guardsmark had contented itself to stay with the Illinois state court forum that had been chosen by Mount Hawley. But having opted to do battle in this District Court instead, Guardsmark must perforce look to federal rather than state law as to such purely procedural things as pleading (<u>Hanna v. Plumer</u>, 380 U.S. 460 (1965)). In that regard 5 Charles Wright & Arthur Miller, <u>Federal Practice and Procedure: Civil 2d</u> §1235, at 272-73 (2d ed. 1990) summarizes the law succinctly:

> In pleading the existence of an express written contract, plaintiff, at his election, may set it forth verbatim in the complaint, attach a copy as an exhibit, or plead it according to its legal effect.

See also Forms 3 and 12 and their accompanying notes, part of the Appendix of Forms that Rule 84 expressly provides "are sufficient under the rules and are intended to indicate the simplicity and

brevity of statement which the rules contemplate." So Count II, with its breach of contract claim, survives.[1]

That may well, however, prove to be a short-term defeat for Guardsmark. With Mount Hawley's tort claim having gone by the boards, it would seem doubtful that the requisite amount in controversy exists to permit the litigation's proceeding in this federal court--whether by reason of the type of damage limitation that is often included in contracts for security services or otherwise. This action is set for an initial status conference at 9 a.m. July 23, 2001 so that the parties may then apprise this Court of the situation in that respect,[2] something that may require a swift remand to the state court.

Milton I. Shadur
Senior United States District Judge

Date: July 2, 2001

---

[1] Guardsmark cites to a contrary decision by this Court's colleague Honorable David Coar in Miller-Calabrese v. Continental Grain Co., No. 96 C 6626, 1997 WL 392340, at *7 (N.D. Ill. July 8). With all deference to this Court's respected colleague, he was sold a bill of goods in that regard. While this case does present the added wrinkle that the claim may have been defectively asserted in its place of origin (the Cook County Circuit Court), Judge Coar's case originated in the federal court--and there the Hanna v. Plumer principle that pleading matters come under federal law rather than state law is unimpeachable.

[2] If the contract for security services does contain a limitation on liability, or if caselaw precludes recovery under a breach of contract rubric of the type of consequential damages that is sought here, either or both parties shall make appropriate informative filings in this Court's chambers on or before July 16.

4